U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
APR - 8 2015
CLERK, U.S. DISTRICT COURT
By_____
Deputy

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| TONY DUQUE GOMEZ, | § | |
| | § | |
| Movant, | § | |
| | § | |
| VS. | § | NO. 4:15-CV-024-A |
| | § | (NO. 4:12-CR-188-A) |
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Respondent. | § | |

MEMORANDUM OPINION
and
ORDER

Came on for decision the motion of Tony Duque Gomez ("movant") under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence by a person in federal custody. After having considered such motion, its supporting memorandum, the government's response, movant's reply, pertinent parts of the record in Case No. 4:12-CR-188-A, styled "United States of America v. Jessica Christine Bagley, et al.," and pertinent legal authorities, the court has concluded that such motion should be denied.

I.

Background

On November 9, 2012, movant pleaded guilty to the offense of possessing and uttering a forged and counterfeit security of a

private entity, in violation of 18 U.S.C. § 513(a). On March 8, 2013, the court sentenced movant to a term of imprisonment of 120 months to run consecutively to the sentence imposed in Case No. 1292302 or that might be imposed in any other state case that was based on conduct that had already occurred, and to be followed by a three-year term of supervised release. Defendant was also ordered to make restitution in the amount of $7,917.56. Movant filed his notice of appeal on March 22, 2013. The United States Court of Appeals for the Fifth Circuit issued its judgment as a mandate on February 18, 2014, dismissing the appeal as frivolous. A petition for writ of certiorari was not filed.

II.

Grounds of the Motion

Movant identified one ground for relief in his motion: "Counsel was ineffective for inducing plea through unfulfilled promises." Doc. 1 at 4.[1] As the supporting facts for that ground, movant refers to pages 1-5 of a memorandum attached to his motion. Id. In his memorandum, movant more specifically

---

[1] The "Doc. ___" references are to the numbers assigned to the items on the docket in this Case No. 4:15-CV-024-A. The "Case No. 4:12-CR-188-A Doc. ___" references are to the number assigned to the items on the docket in Case No. 4:12-CR-188-A, Gomez's criminal case.

2

defines the nature of his ineffective assistance of counsel claim as follows:

> Counsel was ineffective for making promises to induce petitioner to plead guilty where counsel promised petitioner that by pleading guilty he would receive a three level reduction for acceptance of responsibility and eliminate the possibility of the statutory maximum sentence.

Id., Att. at 1.

Movant complained in his memorandum that his trial counsel induced him into pleading guilty through "unfulfilled promises." Specifically, movant stated that trial counsel assured him that, if he pleaded guilty, he would receive a three-level reduction for acceptance of responsibility, which would prevent him from being sentenced to the statutory maximum. However, movant was sentenced to the statutory maximum.

While beyond the scope of the description of his ground for relief, movant seems to be complaining in his memorandum that his attorney failed to cooperate with him in requesting the court to allow him to withdraw his plea of guilty. The court will treat that as a second ground for relief urged by movant.

### III.

### Analysis

A.  <u>Legal Standard for 28 U.S.C. § 2255</u>

After conviction and exhaustion, or waiver, of any right to appeal, courts are entitled to presume that a defendant stands

3

fairly and finally convicted. <u>United States v. Frady</u>, 456 U.S. 152, 164-165 (1982); <u>United States v. Shaid</u>, 937 F.2d 228, 231-32 (5th Cir. 1991), <u>cert. denied</u>, 502 U.S. 1076 (1992). A defendant can challenge his conviction or sentence after it is presumed final on issues of constitutional or jurisdictional magnitude only, and may not raise an issue for the first time on collateral review without showing both "cause" for his procedural default and "actual prejudice" resulting from the errors. <u>Shaid</u>, 937 F.2d at 232.

Section 2255 does not offer recourse to all who suffer trial errors. It is reserved for transgressions of constitutional rights and other narrow injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice. <u>United States v. Capua</u>, 656 F.2d 1033, 1037 (5th Cir. Unit A Sept. 1981). In other words, a writ of habeas corpus will not be allowed to do service for an appeal. <u>Davis v. United States</u>, 417 U.S. 333, 345 (1974).

B. <u>Legal Standard for Ineffective Assistance of Counsel Claims</u>

To prevail on an ineffective assistance of counsel claim, movant must show that (1) counsel's performance fell below an objective standard of reasonableness and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different.

4

Strickland v. Washington, 466 U.S. 668, 687 (1984); see also Missouri v. Frye, 132 S. Ct. 1399 (2012) (noting that "claims of ineffective assistance of counsel in the plea bargain context are governed by the two-part test set forth in Strickland). Both prongs of the Strickland test must be met to demonstrate ineffective assistance. Id. at 697. Further, "[a] court need not address both components of an ineffective assistance of counsel claim if the movant makes an insufficient showing on one." United States v. Stewart, 207 F.3d 750, 751 (5th Cir. 2000). "The likelihood of a different result must be substantial, not just conceivable," Harrington v. Richter, 131 S. Ct. 770, 792 (2011), and a movant must prove that counsel's errors "so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." Cullen v. Pinholster, 131 S. Ct. 1388, 1403 (2011) (quoting Strickland, 466 U.S. at 686). Judicial scrutiny of this type of claim must be highly deferential, and movant must overcome a strong presumption that his counsel's conduct falls within the wide range of reasonable professional assistance. Strickland, 466 U.S. at 689.

C. Analysis

Movant seems to be contending that he did not receive the benefit of a three-level acceptance-of-responsibility reduction

5

in the calculation of his total offense level. The presentence report shows that he did receive such a reduction. Case No. 4:12-CR-188-A, Doc. 57-1 at 13, ¶¶ 54-55. The presentence report showed that movant's advisory guideline imprisonment range was 51 months to 63 months based on the probation officer's total offense level calculation (which was reduced by three levels for acceptance of responsibility) and defendant's criminal history category of VI. Id. at 24, ¶ 104. The court accepted those calculations at the sentencing hearing. Id., Doc. 124 at 6.

The magnitude of movant's sentence was not due to a failure of movant to receive a three-level reduction in his offense level based on acceptance of responsibility. Instead, it was due to the court's consideration of the sentencing factors contemplated by 18 U.S.C. § 3553(a). Id. at 9-13. The sentence of imprisonment of 120 months was a variance above the top of the advisory guideline range; and, the court noted at the sentencing hearing that the sentence imposed would have been an authorized upward departure under the Sentencing Guidelines. Id. at 12-13.

To whatever extent movant generally is complaining that his attorney did not advise him sufficiently of the potential that he would have received a sentence of imprisonment as long as he did receive, movant has not provided any evidence that would support

6

a finding that the length of movant's sentence resulted from any inappropriate conduct on the part of his attorney.

Moreover, the record establishes that when defendant entered his plea of guilty he knew exactly what he was faced with. He testified under oath during his rearraignment hearing, when he pleaded guilty, that no one had made any promises or assurances to induce his guilty plea, Case No. 4:12-CR-188-A, Doc. 122 at 20-21, and that he understood that even if he received a sentence harsher than expected, he was still bound by his plea of guilty, id. at 21. Furthermore, this court cautioned movant that, by pleading guilty, he was subjecting himself to the possibility of being sentenced to the statutory maximum of ten years. Id. at 13. Movant stated he understood. Id. at 14.

"Solemn declarations in open court carry a strong presumption of verity, forming a formidable barrier in any subsequent collateral proceedings." United States v. Cervantes, 132 F.3d 1106, 1110 (5th Cir. 1998) (citation and internal quotations omitted). In order for a defendant to seek habeas relief on the basis of alleged promises, when defendant has previously stated under oath that he relied on no such promises, defendant must prove "(1) the exact terms of the alleged promise, (2) exactly when, where, and by whom the promise was made, and (3) the precise identity of an eyewitness to the promise." Id.

7

Where "the defendant's showing is inconsistent with the bulk of [his] conduct or otherwise fails to meet [his] burden of proof in the light of other evidence in the record, an evidentiary hearing is unnecessary." Id. In this instance, movant's only evidence of the alleged promises is his own affidavit. He has provided no testimony of a third-party eyewitness, and his testimony is contradicted by his counsel's affidavit. Therefore, movant has not brought forward sufficient evidence to undermine his sworn statements discussed above.

To whatever extent movant might be asserting as a ground for relief that his attorney did not cooperate with him in seeking a withdrawal of his plea of guilty, the record does not provide any support for such a ground. Moreover, there is nothing in the record that would support a finding that movant would have been permitted to withdraw his plea of guilty if he had attempted to do so. Therefore, even if the first prong of the ineffective assistance of counsel standard had been met as to that subject, there would be no basis for a finding that movant suffered any prejudice by having failed to request that he be permitted to withdraw his plea of guilty.

For the reasons stated above, movant's motion is to be denied.

8

IV.

Order

Therefore,

The court ORDERS that movant's § 2255 motion be, and is hereby, denied.

* * * * *

Pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure, Rule 11(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts, and 28 U.S.C. § 2253(c)(2), for the reasons discussed herein, the court further ORDERS that a certificate of appealability be, and is hereby, denied, as movant has not made a substantial showing of the denial of a constitutional right.

SIGNED April 8, 2015.

_____
JOHN McBRYDE
United States District Judge